UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KYLE JIGGETTS,

                Plaintiff,

   v.

LaGUARDIA AIRPORT; DEPARTMENT
OF HOMELAND SECURITY; and TSA


               Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**
04-CV-3969 (NGG)(LB)

**NOT FOR PUBLICATION**

GARAUFIS, United States District Judge.

      The pro se Plaintiff in this action has moved to remove Magistrate Judge Bloom from his case because she was "very hostile toward [me] at my Hearing on February 17, 2005." The Plaintiff alleges bias on the part of Judge Bloom, and avers that Judge Bloom spoke "abusively" of his alcoholism. The Plaintiff's motion is denied.

      The court will treat the Plaintiff's letter motion as a motion for removal of a judge pursuant to 28 U.S.C. § 144, which states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C.A. § 144. Assuming arguendo that the procedural requirements mandated by this statute have been met, the Plaintiff has provided no substantive basis constituting "legally sufficient grounds for recusal." Hodgson v. Liquor Salesmen's Union Local No. 2, 444 F.2d

1344, 1348 (2d Cir. 1971). For example, the Plaintiff's dissatisfaction regarding Judge Bloom speaking "against my confidentiality of alcoholism in front of other complainants" is wholly without merit given that the Plaintiff himself states in his complaint that he suffers from the disability of being a "recovering alcoholic." (See Complaint at 3).

Because the Plaintiff has provided insufficient facts to support a finding of bias on the part of Judge Bloom, his motion to recuse is hereby DENIED.

SO ORDERED.

Dated: November 7, 2005  /s/
Brooklyn, NY  Nicholas G. Garaufis
United States District Judge